**Jia Liang DUNG, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General for the United States, Respondent.**

No. 03–40858–AG.

United States Court of Appeals, Second Circuit.

Oct. 31, 2005.

Karen Jaffe, Law Office of Karen Jaffe, New York, NY, for Petitioner.

Scott Bates, Assistant United States Attorney and Paul M. Warner, United States Attorney for the Office of the District of Utah, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

Petitioner Jia Liang Dung ("Dung"), through counsel, petitions for review of a BIA decision affirming, without opinion, an Immigration Judge's ("IJ") denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

Where the BIA summarily affirms the decision of an IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)). Credibility determinations are also reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir. 2005)(*per curiam*). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about

matters material to his claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

Dung's arguments—that he testified credibly, that any inconsistencies in his testimony were caused by linguistic difficulty, and that the IJ's adverse credibility determination was not supported by substantial evidence—are belied by the record. The IJ pointed out specific conflicts in Dung's testimony, including that: (1) Dung's airport questionnaire did not mention family planning policies; (2) his first asylum application reported that his wife was sterilized in 1988; and (3) the amended application stated that Dung's wife was forced to have an IUD inserted in 1991, but was not sterilized due to her poor health. Because the IJ gave specific and cogent reasons for his determination and these examples of inconsistent statements are material to the claim—whether the Chinese government attempted to force Dung to follow its family planning policy— the adverse credibility determination is proper. *See Zhou Yi Ni v. Gonzales*, 424 F.3d 172, 174 (2d Cir.2005) (*per curiam*) (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the adverse credibility determination should be upheld.)

Because of the adverse credibility determination, Dung failed to establish his eligibility for either asylum or withholding. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).

1. When Petitioner petitioned for review in this Court, John Ashcroft was serving as Attorney General of the United States. Alberto

For the foregoing reasons, the petition for review is hereby denied.