**Guo Yan ZHENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General for the United States, Respondent.**

No. 03–4746–AG NAC.

United States Court of Appeals, Second Circuit.

Oct. 31, 2005.

Fengling Liu, New York, NY, for Petitioner.

Edward J. McElroy, United States Attorney, Office of the United States Attorney for the Eastern District of New York, Reid J. Schar, United States Attorney, Office of the United States Attorney, Chicago, Illinois. for Respondent.

Present: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

Petitioner Guo Yan Zheng ("Zheng"), through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews a BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). When the BIA issues a short opinion that primarily recounts the IJ's decision, this Court may review the IJ's decision rather than the BIA's. *Id.* at 305. Credibility determinations are also typically reviewed under the substantial

evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). A credibility determination based on specific examples of contradictory evidence that undermine the crux of the claim should be upheld. *See Ni v. Gonzales*, 424 F.3d 172, 174 (2d Cir.2005) (*per curiam*). Where, however, the IJ bases his decision upon inconsistent statements made during an airport interview, the IJ must first determine that the airport interview was reliable by looking at whether: (1) the interview was transcribed or summarized; (2) the questions were designed "to elicit the details of an asylum claim,"; (3) the alien was hesitant to reveal information; and (4) the responses show a difficulty understanding the language or the translation. *See Ramsameachire*, 357 F.3d at 180.

Nevertheless, "the fact that the [IJ] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review," *Ramsameachire*, 357 F.3d at 178, and "when a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard," *Secaida–Rosales*, 331 F.3d at 307. When rejecting an applicant's testimony, an "IJ must provide specific, cogent reasons for doing so," which "bear a legitimate nexus to the finding," and are "valid grounds for disregarding an applicant's testimony." *Id.* at 307 (internal quotations omitted).

In the instant case, the IJ found that Zheng's testimony generally was consistent, but entered an adverse credibility determination solely on the basis of the facts that: (1) during his airport interview he did not state that his wife had been sterilized; and (2) during his credible fear interview he stated that his wife was afraid that she would be sterilized. The IJ also demonstrated that he had found the interviews to be reliable, finding that Zheng had responded to questions quite specifically and was not persuaded that the translators were inadequate. *See Ramsameachire*, 357 F.3d at 180. Accordingly, the IJ's credibility determination was supported by specific examples of inconsistent testimony and, because that testimony related to the heart of the asylum claim, the forced sterilization of Zheng's wife, it should be upheld. *See Gao v. U.S. Attorney General*, 400 F.3d 963, 964 (2d Cir. 2005) (affirming IJ's adverse credibility determination where petitioner testified his wife was sterilized but had not raised the matters in his application); *see also Ni*, 424 F.3d at 174; *Dong*, 406 F.3d at 111; *Secaida–Rosales*, 331 F.3d at 307.

As both parties point out, the IJ did err in his recitation of the law regarding a "fundamental change in circumstances." This Court has followed the BIA in holding that, in the context of forced abortion, a showing of past persecution "lead[s] to an irrebuttable presumption of a well-founded fear of future persecution." *See Cao v. U.S. Dept. of Justice*, 421 F.3d 149, 155–56 (2d Cir.2005). Because, however, the BIA affirmed the IJ's denial of asylum on the basis of the adverse credibility determination, the IJ's error does not warrant remand or reversal. *See Lin v. U.S. Dept. of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005).