**XIU YING LIN, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 03–41000–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Winfield D. Ong, Assistant United States Attorney (Susan W. Brooks, United States Attorney for the Southern District of Illinois, on the brief) Indianapolis, Indiana, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

When the BIA issues a short opinion that primarily recounts the decision of an Immigration Judge ("IJ"), we review the IJ's decision rather than the BIA's. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

This Court reviews an IJ's factual findings under the substantial evidence standard, and "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also reviewed under the substantial evidence standard of review and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005)(*per curiam*). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his [or her] claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

In this case, contrary to petitioner's contentions, the IJ's credibility determinations were substantially supported by the record as a whole. The IJ's determinations were based on numerous and specific examples in the record of Lin's conflicting statements in her application for asylum,

her testimony before the IJ, and the letters from her uncle, parents, and friend. For example, the address in Lin's application was different from the address she provided in her testimony. In addition, Lin testified that she had started practicing Falun Gong in December 2000, but in her application she stated that she started in January 2000 and the letter from her parents also repeated that date—an 11 month discrepancy. Her parents' letter also stated that Lin was out of town when the police came looking for her, but Lin testified that she was at work. The letter from her uncle also conflicted with her testimony as to how long she had remained in hiding with him. Because the IJ gave specific and cogent reasons for his determination and these examples of inconsistent statements are material to the claim— whether the Chinese government attempted to prosecute Lin for her Falun Gong practice—the adverse credibility determination is proper. *See Zhou Yi Ni v. Gonzales,* 424 F.3d 172, 174 (2d Cir.2005) (*per curiam*) (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the adverse credibility determination should be upheld.)

In regard to Lin's Convention Against Torture ("CAT") claim, it is well-settled that, before a petitioner can seek judicial review of a claim, the petitioner must "exhaust all administrative remedies available." 8 U.S.C. § 1252(d)(1). A party may not seek judicial review of an adverse administrative decision until that party has first sought all possible relief within the agency itself. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Here, Lin failed to raise her CAT claim before the BIA, therefore, it cannot be reviewed.

For the foregoing reasons, the petition for review is denied.