**Abdoulaye BALDE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1920–AG.**

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Lisa Dinerman, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

Present: Hon. Amalya L. KEARSE, Hon. Chester J. STRAUB, and Hon. Sonia SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is DENIED.

Abdoulaye Balde petitions for review of the December 11, 2003 BIA decision denying his claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA summarily affirms the decision of an IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)); *see also* 8 U.S.C. § 1252(b)(4)(B). Credibility determinations are also reviewed under the substantial evidence standard, and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

In this case, the IJ denied Balde's claims for relief on the grounds that Balde's testimony was not credible and he failed to meet his burden of proof. The IJ based his findings, *inter alia,* on the following: a) the inconsistency between Balde's testimony that he received his U.S. visa within three months of being released from pris-

on, and his visa, which is dated more than 18 months after the date he repeatedly gave as his release date; b) the suspicious nature of Balde's claim that he was afraid the Guinean government was seeking to re-arrest him but had secured a new passport from the government after he was released from prison; c) the inconsistency between Balde's testimony and his affidavit as to when Balde made plans to flee Guinea; d) the inconsistency in Balde's testimony as to what type of weapon was used to beat him and his lack of clarity as to why he did not sustain any injuries as a result of the severe beating he described; e) the inconsistency between Balde's testimony and his affidavit as to whether his father and his brother were both killed by the Guinean government; f) the differing explanations between Balde and Balde's witness, Mamadou Sadio, as to their relationship; and g) and the lack of corroborating evidence regarding Balde's actual membership and participation in the RPG.

Because the IJ gave specific and cogent reasons for his adverse credibility determination in the form of examples of inconsistent statements material to Balde's claim—that the Guinean government persecuted Balde for his political activities—substantial evidence supports the IJ's finding. *See Zhou Yi Ni v. U.S. DOJ,* 424 F.3d 172, 174 (2d Cir.2005) (per curiam) (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, an adverse credibility determination should be upheld.)

To the extent Balde challenges the IJ's findings of a lack of corroborative evidence, this finding was not the sole basis for the IJ's determination. *Diallo,* 232 F.3d at 287 (stating that the lack of corroborative evidence may be a factor in making an adverse credibility determination, just not the sole reason for the determination). Further, although we agree with Balde that the IJ erred in failing to permit Balde's witness, Mamadou Sadio, to testify, *see Kaur v. Ashcroft,* 388 F.3d 734, 737 (2d Cir.2004), we do not remand this case to the BIA for a new hearing because the IJ's adverse credibility finding would have been unaffected by the witness's testimony. Where an IJ commits legal error, we will affirm if he or she independently relies on a sustainable basis, such as that the applicant's testimony was not credible. *See Zhang,* 386 F.3d at 78–79. The IJ's credibility finding rests on the inconsistencies in Balde's testimony, affidavit and submitted documents in which Balde's witness would not have been able to remedy had he been allowed to testify.

Accordingly, the petition for review is denied and Blade's pending motion for a stay of removal is denied.