late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

Alket MECO, Petitioner,

v.

Alberto R. GONZALES,* United States Attorney General, Respondent.

No. 04–1807–AG.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

Sunit K. Joshi, Sokol Braha, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Margaret Stanish, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Present: Honorable AMALYA L. KEARSE, Honorable SONIA SOTOMAYOR, and Honorable BARRINGTON D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

Petitioner Alket Meco, through counsel, petitions for review of the BIA decision affirming the decision of the immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion, this Court reviews the IJ's decision. *See Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's findings of fact, including findings as to credibility, under the substantial evidence standard. Accordingly, we will not reverse a finding unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted); *see, e.g., Zhou Yi Ni v. U.S. DOJ*, 424 F.3d 172, 174 (2d Cir.2005)

mer Attorney General John Ashcroft as respondent in this case.

(where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the asylum applicant's claim, an adverse credibility determination should be upheld).

In the present case, Meco presented arguments to the BIA that "[t]he Immigration Judge erred when he stated that appellant's testimony lacked credibility concerning the mistreatment appellant received because there was a lack of corroborating background information...." The BIA properly rejected those arguments, as the IJ's adverse credibility determination was expressly based on, *inter alia*, discrepancies between Meco's testimony and his asylum application, and the implausibility of the occurrence, causation, and source of events of persecution claimed by Meco.

Meco's challenges to the IJ's failure to warn him about the consequences of frivolous testimony and failure to have him affirm the I–589 were not raised before the BIA, and we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right....").

We have considered all of petitioner's contentions that are properly before us and have found them to be without merit. The petition for review is denied. The government's request for permission to file a supplemental brief is denied as moot.

Meco's pending motion for a stay of removal is denied as moot.