Xin Song LIN, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 05–0008–AG.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Xin Song Lin, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney, District of Utah, Jared C. Bennett, Assistant United States Salt Lake City, Utah, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

■ Xin Song Lin petitions for review of the December 2004 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Chen contends that the BIA incorrectly affirmed the IJ's denial of his claims for asylum, withholding of removal and relief under CAT because the adverse credibility determination was not supported by substantial evidence. This Court has accepted the proposition "that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act." *Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005) (quoting *Alvarez–Flores v. INS*, 909 F.2d 1, 4 (1st Cir.1990)). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v.*

*INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ's adverse credibility finding, as adopted by the BIA, was supported by substantial evidence. First, the IJ properly considered Lin's failure to produce documentation corroborating his claim. Lack of corroborating documentation is a proper basis to support an adverse credibility finding only in those cases where, but for lack of corroboration, the petitioner would be "otherwise credible." *See Zhou Yun Zhang*, 386 F.3d at 78. To deny an asylum claim for lack of sufficient corroboration, the court must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner. *See Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo*, 232 F.3d at 285–90). Here, Lin had failed to produce documents, such as the lease agreement, a business license or invoices, which would corroborate the claim that he had run a bookstore. Moreover, Lin did not assert that these documents were unavailable. In fact, he stated that he had the license and that he either possessed or could produce the lease agreement. Lin's claim that he gave some invoices to his attorney contradicts the fact that his attorney had no knowledge of any invoices.

The IJ further found that Lin had failed to produce affidavits from his parents, reasoning that because Lin had been in contact with his parents, such evidence was reasonably available. *Cf. Zhou Yun Zhang*, 386 F.3d at 78 (approving of IJ's expectation of alien to provide a document normally in the possession of the aline's wife when the wife had sent the alien similar documents in the past). Although it may have been improper for the IJ to fail to address Lin's explanation that his parents could not write well, *see Cao He*

*Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005) (noting that an IJ must at least take a petitioner's explanation into account), such error was harmless due to the other aspects demonstrating Lin's lack of credibility, *see Zhou Yun Zhang*, 386 F.3d at 78 (holding that if an IJ independently finds that an applicant lacks credibility, errors in requiring corroboration do not require remand).

The IJ also properly found an inconsistency between Lin's testimony and the statement attached to his asylum application with respect to the October 2001 incident prompting his departure from China. In the statement, Lin explained that he had decided to flee China to avoid arrest after hearing that officials were instituting a "harsh crackdown." At the IJ hearing, however, Lin testified that the officials actually arrived at his house and ordered him to report for questioning in a few days. This discrepancy was material as it highlighted an aspect going to the heart of Lin's asylum claim. *See Diallo*, 232 F.3d at 288.

To the extent that the IJ erred in basing his adverse credibility finding on minor inconsistencies—inconsistencies, for example, regarding the availability of the passport, the existence of a business partner, Lin's parents bribing a police official—such was harmless. *Cf. Cao He Lin*, 428 F.3d at 395. Furthermore, although it was impermissible for the IJ to speculate that Lin fabricated a story just because he had sojourned for a few months with smugglers and other escapees abroad, *cf. Secaida–Rosales*, 331 F.3d at 307, 312, this error was also harmless. *Cf. Cao He Lin*, 428 F.3d at 395.

The BIA's review of the other two inconsistencies cited by the IJ was likewise supported by substantial evidence. As to the inconsistency between the testimony and written statement attached to the asylum application regarding the location of the books, the gist of the statement was that Lin possessed politically sensitive books within the bookstore and aroused the customers' curiosity and prompted discussion. The explanation that the translator somehow mistakenly added the words, "on the shelves," is unpersuasive. Moreover, even taking out those words from the statement would not change its message, which, contrary to the testimony, made no mention of the fact that the books were hidden and were in another location. As such, this was a material inconsistency that would support a finding of adverse credibility. *See Diallo*, 232 F.3d at 288. As to the inconsistency regarding whether the police actually conducted a search for the hidden books, the BIA reasonably agreed with the IJ's determination that Lin had attempted to embellish his story and make it appear that his confrontation with the police went further than he had described initially in his application. That his initial account would not mention such a fact was a material inconsistency. *See id.*

■ The IJ also properly denied Lin's withholding of removal claim. A petitioner who fails to establish eligibility for asylum is "necessarily unable to establish eligibility for withholding of removal." *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 175 (2d Cir.2005).

■ As for Lin's claim that he was improperly denied relief under CAT, we analyze that in two parts. To the extent that the CAT claim is an assertion that Lin will be tortured because of his political opinion, that claim fails. The IJ's and BIA's adverse credibility determinations with respect to whether Lin really holds such opinion, or engaged in activities that permit it to be attributed to him, precludes his asserting that such opinion would be the reason he would be tortured. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) ("[T]he scope of the IJ's credibil-

ity finding and its fatal effect on the factual basis of Yang's CAT claim are readily apparent. Accordingly, the CAT claim must fail.").

If what Lin is asserting as a CAT claim is not based on that political opinion but instead finds independent life in the ambiguous statement: "that because I have left China and if I get sent back I would— afraid that they will punish me severely," that, too, fails to support a claim for relief under CAT. First, it is dubious that Lin was asserting his illegal departure from China as a basis for CAT relief independent of his alleged political opinion. For that reason it was not unreasonable for the IJ and the BIA to subsume the denial of CAT relief under their adverse credibility determination. Moreover, beyond that ambiguous statement in Lin's testimony, there is not one whit of evidence in the record to suggest that a person who has left China without permission will be subject to torture upon being returned. In the face of a significantly more developed record on this very point, this Circuit has held:

> Without more particularized evidence, [petitioner] asks this Court to hold that she is entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China. Were such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing theat Convention, anticipate or require such a result.

*Mu Xiang Lin v. U.S. Dept. of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Thus, even if were inclined to remand this case to the BIA for specific consideration of this particular iteration of Lin's CAT claim (that he would be tortured solely because he left China illegally), we would expect no differ-

ent result based on this record. That is, assuming that Lin's claim for CAT relief was one that the IJ failed to address, nonetheless, "we can confidently predict that the IJ would necessarily reach the same result" on remand. *Cao,* 428 F.3d at 395. The BIA and IJ did not err in denying Lin's request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).