**Yi Guo CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 04–4616–AG(NAC).**

United States Court of Appeals, Second Circuit.

March 1, 2006.

Yi Guo Chen, Brooklyn, NY, for Petitioner, pro se.

Aileen Bell Hughes, Assistant United States Attorney (David E. Nahmias, United States Attorney, on the brief), United States Attorney's Office for the Northern District of Georgia, Atlanta, GA, for Respondents.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Yi Guo Chen, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts an IJ's decision and supplements it, we review the decision of the IJ as supplemented by the reasoning of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review factual findings, including adverse credibility determinations, under a substantial evidence standard. *See, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Our " 'exceedingly narrow' " review, *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (quoting *Carranza–Hernandez v. INS*, 12 F.3d 4, 7 (2d Cir.1993)), involves "look[ing] to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). That review is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir.2005); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005); *Jin Hui Gao*, 400 F.3d at 964, and "is designed to ensure merely that 'credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.' " *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–57 (2d Cir.2006) (quoting *Zhou Yun Zhang*, 386 F.3d at 74). When an IJ's decision contains errors, however, we may nevertheless deem remand futile and deny the petition for review if "(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) despite [the] errors— considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Id.* at 161– 62; *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005) (stating that a reviewing court may "affirm, despite IJ errors, when we can confidently predict that the IJ would necessarily reach the same result absent errors").

The decisions of the IJ and BIA, in combination, provided several reasons for the adverse credibility determination made against Chen. Specifically, those reasons were that: (1) the State Department's country report on China, which was introduced into evidence, suggests that fines are ordinarily imposed for violations of the family planning policies, but Chen claimed that he was not fined even though the authorities were aware of his repeated violations; (2) Chen testified that his wife had been forced to undergo an abortion, and he produced a certificate documenting that abortion, even though the State Department's country report indicated that abortion certificates are not provided for forced abortions and that U.S. officials were unaware of any forced abortions in Fujian province; (3) Chen acknowledged in his testimony that during his airport interview and asylum interview he had omitted mention of the fact that his wife had allegedly been forced to undergo an abortion; (4) in his asylum application, Chen claimed that "some villagers" had reported his cousin's pregnancy to officials, whereas at the hearing Chen testified that his cousin's pregnancy was reported by a "nearby neighbor"; (5) in his asylum application, Chen claimed that when the authorities learned of his cousin's pregnancy, "five birth control cadres of my village together with ones in my cousin's village came to my home," but at the hearing he insisted that only five cadres total came to his house; (6) Chen testified at first that his cousin was from the same village as he was, but later he testified that she was not from the same village; (7) Chen testified implausi-

bly that he stopped five birth control cadres from apprehending his cousin at his house while she escaped out the back door, and none of the cadres chased her; and (8) Chen testified implausibly that he was detained after helping his cousin evade capture but that he escaped out of a bathroom window and was not chased.

Upon review of the IJ's and BIA's reasoning *in toto,* we conclude that substantial evidence supports the IJ's adverse credibility determination. Inasmuch as the IJ found Chen's testimony inconsistent concerning whether he and his cousin were from the same village, we find that the IJ misstated the evidence in the record because Chen claimed that his cousin was originally from a different village, but that she later married into his village. Notwithstanding our recognition of that error in the IJ's decision, we believe there are ample, error-free grounds that amount to substantial evidence in support the IJ's adverse credibility determination, and, despite the IJ's error, "we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen,* 434 F.3d at 161–62; *see also Cao He Lin,* 428 F.3d at 401 ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.").

We have considered all of the arguments asserted in connection with Chen's petition and find them to be without merit. Accordingly, the petition for review is DENIED.