SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED to the extent that it seeks review of the timeliness of Yang’s asylum application and DENIED in all other respects.
Zhi Dong Yang, though counsel, petitions for review of the March 10, 2005 Board of Immigration Appeals (“BIA”) decision affirming the decision of Immigration Judge William F. Jankun (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA issues a short opinion that primarily adopts and affirms the IJ’s opinion, we may review the IJ’s decision directly. See Ming Xia Chen v. BIA, 435 F.3d 141, 144-46 (2d Cir.2006). We review the agency’s factual findings, including credibility determinations, for substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 156-58 (2d Cir.2006); Zhou Yun Zhang v. INS, 386 F.3d 66, 73-79 (2d Cir.2004).
Here, the IJ denied Yang’s asylum application because Yang failed to establish that his application was timely and, in any event, Yang was not credible. We lack jurisdiction to review the former finding because Yang has not raised any constitutional challenges or issues of statutory interpretation. Xiao Ji Chen, 434 F.3d at 154.
Further, substantial evidence supports the adverse credibility determination underlying not only the denial of asylum but also the denial of withholding of removal and CAT relief. Yang gave many different, contradictory answers to the simple questions of whether he was home when the officials first came to take his wife for an IUD insertion; whether officials pulled his wife into a car to take her for the IUD insertion or whether she departed without incident; and whether his wife’s IUD checkups were biannual and when they took place, particularly regarding the first checkup. Further, the IJ reasonably concluded that Yang was evasive throughout his testimony and his explanations of the reasons for his evasiveness and inconsistent answers were doubtful at best. The IJ properly faulted Yang for failing to provide a consistent, coherent account of his alleged persecution. See Jin Yu Lin v. U.S. Dep’t of Justice, 413 F.3d 188, 190-91 (2d Cir. 2005).
*427 Finally, because Yang’s CAT claim was premised on the same set of facts, substantial evidence also supports the denial of CAT relief. See Xiao Ji Chen, 434 F.3d at 163 n. 18. Even to the extent that the likelihood of future torture rests on the threat of punishment for leaving China illegally, the record evidence on harsh conditions in Chinese prisons is insufficient to show that it is more likely than not that someone in Yang’s particular alleged circumstances would be tortured upon his return. See Zhou Yi Ni v. United States Dep’t of Justice, 424 F.3d 172, 175 (2d Cir.2005); Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003).
For the foregoing reasons, the petition is DISMISSED to the extent that it seeks review of the timeliness of Yang’s asylum application and is DENIED in all other respects. Having completed our review, the pending motion for a stay of removal is DENIED as moot.