**DIAN XU JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40330–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

Karen Jaffe, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Judy K. Hunt, Assistant United States Attorneys for the Middle District of Florida, Tampa, FL, for Respondent.

PRESENT: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

Petitioner Dian Xu Jiang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This appeal is based on an adverse credibility determination made by an IJ and which petitioner challenges. "[T]he fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004) (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)). Here, the IJ based his adverse credibility determination on specific inconsistencies and found the evidence did not support a claim of past persecution on the grounds of political opinion. The IJ gave specific reasons—Jiang's testimony that only his friend was arrested differed from his

friend's statement that they were both arrested, and the fact that his friend had not suffered any subsequent persecution—to support his determination. Because these inconsistencies went to the heart of Jiang's claim, that he was detained and would be subject to future arrest, a reasonable adjudicator would not be compelled to find otherwise. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000); *see also Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005) (per curiam).

Accordingly, the petition for review is denied.