**Ying Guan CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2559–ag.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, Peter G. O'Malley, Assistant United States Attorney, District of New Jersey, Newark, New Jersey, for Respondent.

PRESENT: STRAUB, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Ying Guan Chen petitions for review of the BIA's April 2004 decision affirming an immigration judge's (IJ's) denial of Chen's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, as it did here, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

Here, the BIA affirmed, and agreed with the IJ's "adverse credibility finding" based on inconsistencies in Chen's testimony. Both the BIA and IJ viewed a photograph of Chen and his family taken in front of their home and dated April 24, 2001, as materially at odds with Chen's testimony about when both he and his wife went into hiding. Because the IJ and BIA gave specific and cogent reasons for their determination and the examples of inconsistent statements cited by the BIA are material to the claim—whether the Chinese government attempted to prosecute Chen and his wife for their opposition to China's family planning policy—the adverse credibility determination was proper. *See Zhou Yi Ni v. Gonzales,* 424 F.3d 172, 174 (2d Cir.2005) (*per curiam*) (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the adverse credibility determination should be upheld)

Although Chen faults the BIA for not accepting his explanation to the IJ for the inconsistencies—that his wife risked returning to the family home while in hiding because she missed her children, the IJ as a reasonable adjudicator was not compelled to credit that explanation when Chen testified that he took his children to visit his wife on weekends. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004).

Chen also argues that the Board failed meaningfully to consider new evidence—an affidavit from his wife and a certificate indicating his wife had been sterilized—that he submitted only to the Board and that the Board failed to provide a reasoned basis for its finding that the certificate did not indicate that the sterilization was involuntary. *Petitioner's Brief* at 7 and 21–24. Chen never requested that the BIA remand the matter to the IJ to consider the new evidence, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and the BIA did not abuse its discretion in determining that the new evidence did not make it necessary to remand to an IJ for further fact finding. *Id.*

Finally, Chen waived any challenge to the IJ's finding with respect to his CAT claim by not substantively discussing in his brief why he met his burden of showing a well-founded fear of persecution. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, Chen's petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.