**Ke Wen LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–1873–AG.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

Ke Wen Li, Brooklyn, New York., for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, William C. Pericak, Thomas Capezza, Assistant United States Attorneys, Robert P. Storch, Senior Litigation Counsel, Albany, NY, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Ke Wen Li petitions for review of the BIA's April 6, 2004 decision affirming an immigration judge's (IJ's) denial of Li's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ determined, and the BIA agreed, that Li's initial airport statement was inconsistent with his asylum application and testimony because he did not mention his wife's alleged forced abortion at the air-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

port interview as the reason for his leaving China. The record here reveals that the airport statement comported with the factors used to evaluate reliability set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (the agency may rely on airport interview statements, if the record of the interview indicates that it presents "an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances"). Li did not deny understanding the question asked and the BIA was not required to accept his explanation for his omission at the airport interview. Because the BIA did not err in concluding that this inconsistency was fundamental to Li's claim, the adverse credibility determination was proper. *See Zhou Yi Ni v. Gonzales*, 424 F.3d 172, 174 (2d Cir.2005) (*per curiam*) (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the adverse credibility determination should be upheld).

Li fails to mention or argue his claim for CAT relief. Therefore, his petition for review of the BIA's finding as to this claim is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, Li's petition for review is DENIED. The pending motion for a stay is DENIED as moot.