**Shan Chai ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–3587–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Hanbin Wang, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, William R. Cowden, Assistant United States Attorneys, Washington, D.C., for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable JOSÉ A. CABRANES, and Honorable ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner Shan Chai Zhang, through counsel, petitions for review of the June 8, 2004 BIA decision affirming the decision of the immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ that an applicant is not credible, and, "without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the factual findings of the IJ and the BIA under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney General*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claims of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to

find otherwise." *Id.* at 74 (internal quotation marks omitted); *see, e.g., Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005) (where an adverse credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the determination should be upheld).

 Here, Zhang's applications for asylum and withholding of removal were based on his claim that he had been arrested and beaten in July 1999 for teaching his friends and family how to practice Falun Gong. Zhang claimed that he taught himself and others Falun Gong, and practiced for four years; he also credited Falun Gong with curing his mother's leukemia. However, he was unable to answer even the most basic questions about what Falun Gong was or what he did when he practiced. Both the IJ and BIA cited Zhang's failure to demonstrate any knowledge of Falun Gong, either verbally or physically, as a basis for finding him not credible. In addition, the IJ found it telling (a) that Zhang admitted that he did not practice Falun Gong in the United States, and (b) that Zhang's testimonial description of his mistreatment in detention (stating that he had been beaten with an electric baton) differed from his asylum application's description of that mistreatment (that he had been hung from the ceiling until he lost consciousness). We cannot say that any reasonable adjudicator would be compelled to find Zhang's claim credible. Accordingly, substantial evidence supports the denial of Zhang's application for asylum.

We similarly reject petitioner's challenge to the IJ's denial of withholding of removal. Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS,* 386 F.3d. at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country, 8 U.S.C. § 1231(b)(3)(A).

Finally, although Zhang also claimed before the IJ and the BIA that he was entitled to relief under CAT, the denial of relief under CAT is not at issue here, as Zhang failed to raise that claim in his petition for review and hence has waived it, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Zhang's pending motion for a stay of removal is denied as moot.