**Wei Ming WU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–0074–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Kathleen M. Mehltretter, Acting U.S. Atty., Western District of New York, William J. Knapp, Asst. U.S. Atty., Buffalo, N.Y., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Wei Ming Wu petitions for review of the January 2005 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Wu contends that the BIA incorrectly affirmed the IJ's denial of his claim for asylum and that the IJ's adverse credibility determination was not supported by substantial evidence.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ's adverse credibility determination, as adopted by the BIA, was supported by substantial evidence. First, the IJ properly found material inconsistencies between the statements Wu had made to Government officials upon his arrival in the United States and his testimony at the IJ hearing. This Court has recognized that, in evaluating statements made at airport interviews, an alien may not be completely forthcoming. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). A reviewing court must thus evaluate the reliability of the record and the statements made at the interview before relying on those statements to assess an alien's credibility. *See Ramsameachire*, 357 F.3d at 179–81 (court must weigh the wholeness and accuracy of the record of the interview, with whether the interviewer sought to elicit details of the asylum claim, and with whether the alien was reluctant to answer questions). Once the court has concluded that the interview is sufficiently reliable, it must evaluate the nature of any inconsistencies between those statements and statements made in subsequent proceedings within the context of the superficial nature of the airport interview. *See id.* at 180. Here, the airport interview is sufficiently reliable because a complete transcript of the interview is available and because the interviewer repeatedly asked Wu why he had left China and why he feared returning to China. Moreover, Wu appeared eager to answer questions and speak truthfully.

The most significant inconsistency was that, while Wu's testimony advanced a family planning policy as a basis for his persecution in China, Wu made no mention of this fact at the airport interview or

credible fear interview. Although Wu now explains that this was due to the perfunctory nature of the airport interview, he overlooks the fact that the interviewers, at both interviews, asked why he had left China, whether he or anybody in his family had been mistreated or threatened, and what harm he feared if he returned to China. It was only during his testimony and in his asylum application that he stated that he had faced persecution due to the family planning policy and that he had feared further persecution if he returned to China. Wu's initial lack of knowledge that a family planning policy claim could constitute a ground for asylum does not explain a failure to express any fear of being harmed, regardless of its legal implications or labels. While a minor inconsistency could have been excused if Wu made, even vaguely or inaccurately, some mention of the factual basis underlying his wife's sterilization, the failure to mention it at all was a material inconsistency. *See Ramsameachire,* 357 F.3d at 180–81; *see also Diallo,* 232 F.3d at 288.

The IJ also correctly found that the only claim that Wu appeared to assert at the interview—i.e., persecution on the basis of religion and his affiliation with Falun Gong activities—differed substantially from his account at the IJ hearing. At the airport interview, Wu stated that he was "in what the Chinese government calls a cult." The IJ also reasonably found Wu's account of his trip to and incident in Tiananmen Square to have been implausible given the improbability that Wu would have discovered his friend's actual purpose for the trip to Beijing only when he was already covered in a bag, doused in gasoline, and about to be set on fire. Moreover, it was unlikely that, had Wu not been a member of Falun Gong, he would have freely permitted others to subject him to that extremely dangerous activity and to the extent that he

alleged it had reached. Additionally, even if the inconsistency between Wu's testimony about the timing of his wife's check-ups and the entries in the check-up booklet was only minor, such an error was harmless given the other material inconsistencies. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–65 (2d Cir.2006) (remand is futile where Court can confidently predict that the IJ would reach the same decision); *cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005) (although one basis of an adverse credibility finding may be questionable, vacatur is inappropriate where the "evidence so overwhelmingly supports the IJ's finding" that petitioner would have "no realistic possibility of a different result on remand.")

■ Second, to the extent that the IJ erred in requiring proof of the forced nature of the sterilization—i.e., in relying on the background material to conclude that the only penalties for violating the family planning policies are fines and denial of social benefits, and in not considering the affidavit from Wu's wife—such error was harmless given that the aforementioned material inconsistencies enable the Court to confidently predict that the IJ would reach the same result on remand. *See Xiao Ji Chen,* 434 F.3d at 159–65.

■ The IJ also properly denied Wu's withholding of removal claim. A petitioner who fails to establish eligibility for asylum is "necessarily unable to establish eligibility for withholding of removal." *Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 175 (2d Cir.2005).

Because Wu has not made any argument regarding his claim for relief under CAT, that claims is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived

and normally will not be addressed on appeal" (quotation omitted)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).