**Bobby WIRAWAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General of the United States, Respondent.**

No. 04–2495–AG.

United States Court of Appeals, Second Circuit.

March 7, 2006.

David X. Feng, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Peter F. Neronha, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Bobby Wirawan petitions for review of the BIA's April 19, 2004 decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts and the procedural history of the petition.

Here, the BIA affirmed, and agreed with the IJ's "adverse credibility finding" This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

This Court reviews an IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004). The IJ's determination that Wirawan's testimony was internally inconsistent and unsupported by corroborating evidence is supported by substantial evidence.

The IJ reasonably determined that Wirawan's testimony was incredible because (1) Wirawan provided inconsistent and contradictory testimony concerning the length of his hospital visits after the first alleged incident in May of 1998 and the identity of the company for which he worked for at the time of the alleged second incident in August 2000; and (2) he failed to corroborate his testimony with available documentation, including hospital records that he claimed his wife did not have time to locate.

Wirawan's internally inconsistent testimony and contradictory written statements constitute cogent reasons that bear a legitimate nexus to the finding of adverse credibility because they undermine the crux of Wirawan's claim. *See Zhou Yi Ni v. Gonzales,* 424 F.3d 172, 174 (2d Cir.2005) *(per curiam ).* Although a reasonable adjudicator might have accepted Wirawan's explanations for the inconsistencies in his application and testimony and for the non-production of corroborating evidence, neither the IJ nor BIA were compelled to accept those explanations given the significance of the inconsistencies and corroborative evidence to Wirawan's claims. *See Zhou Yun Zhang,* 386 F.3d at 74.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see id.* at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Wirawan does not argue his CAT claim in his brief supporting his petition for review and that issue is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.