Vitor PUKRI, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–5419–AG.

United States Court of Appeals, Second Circuit.

April 6, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States.

Aleksander Milch, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney, Eastern District of Michigan, Regina R. McCullough, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Vitor Pukri ("Pukri") petitions for review of a September 2004 final order of removal of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir. 2004). Although this Court's review of an IJ's denial of asylum on credibility grounds is "highly deferential," Zhou Yi Ni v. U.S. Dept. of Justice, 424 F.3d 172, 174 (2d Cir.2005), "an IJ's credibility determination will not satisfy the substantial evidence standard when it is based entirely on flawed reasoning, bald speculation, or conjecture." Xiao Ji Chen v. U.S. Dep't. of Justice, 434 F.3d 144, 158 (2d Cir.2006) (citing Secaida–Rosales v. INS, 331 F.3d 297, 307–312 (2d Cir.2003)).

Here, although the IJ improperly supported his adverse credibility determination with findings that were both speculative and based on conjecture, the IJ's adverse credibility determination was also supported by "specific, cogent reasons" in the record. Zhou Yun Zhang, 386 F.3d at 74. The IJ correctly based his credibility determination on the following significant discrepancies between Pukri's application and his hearing testimony: (1) Pukri's statement in his application concerning a September 28, 2000 assault that the SHIK agents threw him from a moving van in an attempt to kill him as compared with his testimony that

the agents believed him to be dead when they threw him from the van; (2) Pukri's statement in his application that the passerby who found him after a June 2001 incident took him to his home as compared with his testimony that the passerby took him to the home of a friend; and (3) Pukri's statement in his application that his family received threats after he left Albania as contrasted with his testimony that his family did not receive any such threats. These inconsistencies go to the heart of Pukri's asylum application and, thus, are sufficient to support the IJ's adverse credibility determination. *See Diallo v. INS,* 232 F.3d, 279, 288 (2d Cir.2000).

The IJ also noted that the petitioner's demeanor, as he observed it, gave the impression that petitioner was not testifying based on actual recollection of events. "[V]arious descriptions he gave of arrests and abuse appeared to be focused on attempts to recall the version of facts that he had previously indicated in his narrative statement rather than the appearance of an individual who was reliving the memory of events as they actually occurred." These direct observations of the petitioner as he was testifying, in combination with the significant discrepancies noted, assure us that substantial evidence supports the IJ's determination that petitioner was not credible and thus failed to meet his burden of proving that he was entitled to a grant of asylum.

Because Pukri failed to raise his withholding of removal and CAT claims before the BIA, these claims are unexhausted and waived, and will not be considered by this Court. *See Drozd v. INS,* 155 F.3d 81, 91 (2d Cir.1998) (finding argument "waived because it was not raised before the immigration judge or the BIA"); 8 U.S.C. § 1252(d)(1) (providing that petitioners must exhaust all administrative remedies).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).