HONG SHENG HUANG, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,**
Respondent.

No. 04–4161–AG.

United States Court of Appeals,
Second Circuit.

April 27, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Jonathan E. Green, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Hong Sheng Huang, though counsel, petitions for review of the Board of Immigration Appeals ("BIA") July 2004 decision affirming the decision of an Immigration Judge ("IJ") denying his applications for relief under the Convention Against Torture ("CAT"), as well as the BIA's May 2002 decision declining to reopen his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's partial denial of Huang's motion to reopen for an abuse of discretion, which may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

A motion to reopen "shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Ineffective assistance of counsel is an appropriate basis for such a motion, and in some cases might also allow the tolling of the filing deadline—but the alien must exercise due diligence in pursuing his rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006). Here, Huang's first motion to reopen based on ineffective assistance of counsel was timely, but he waited nearly a year to present the BIA with the new facts constituting the substance of his asylum claim, and nearly four years to file a second ineffective assistance claim, this time based on his former attorney's failure to present these facts to the IJ at the 1997 hearing. The BIA concluded, rationally, that these delays could not be excused when Huang had been represented by current counsel since before its August 1998 dismissal of his appeal, yet failed to bring the evidence of his wife's 1995 abortion to the BIA's attention sooner. Huang was not diligent in pursuing his asylum claim, and therefore the BIA did not abuse its discretion in denying reopening of that claim, and allowing remand for the limited purpose of presenting a CAT claim.

Because the BIA issued a brief opinion in July 2004, primarily adopting and affirming the underlying IJ decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the

decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The record as a whole supports the IJ's adverse credibility finding and denial of CAT relief. Like the BIA, the IJ was entitled to view Huang's family planning claim with skepticism when he waited so long to raise it, and when he not only failed to mention any of the relevant details at his 1997 hearing, but outright denied that any further basis for his asylum claim existed, beyond his and his grandfather's anti-Communism. Regardless of whether his 1997 or 2003 testimony was more truthful, the contradictions are sufficient to support an adverse credibility finding.

■ Moreover, while Huang argues that an IJ may not rely solely on an adverse credibility determination to deny CAT relief, *see Ramsameachire*, 357 F.3d at 184, he ignores that such reliance is appropriate when the IJ finds an applicant not credible with respect to the facts forming the only potentially valid basis for the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). This argument also ignores that the IJ did not deny the CAT claim on credibility grounds alone, but also found that he could not meet his burden of proving he was more likely than not to be tortured when the harm he claimed to fear was more properly described as legitimate punishment for a criminal act. *See* 8 C.F.R. § 1208.18(a)(3) ("Torture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions"). Finally, Huang has not pointed to any evidence to show that it is more likely than not that someone in his particular alleged circumstances—i.e. someone who left China illegally a decade ago, after assaulting a local official—would be tortured upon his return. *See Zhou Yi Ni v. United States Dep't of Justice*, 424 F.3d 172, 175 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).