MEI HUI CHEN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General,[1] Respondent.

No. 04–5091–ag.

United States Court of Appeals, Second Circuit.

Aug. 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as Respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania; Robert A. Zaumer and Thomas M. Zaleski, Assistant United States Attorneys, Philadelphia, PA, for Respondent.

Present GUIDO CALABRESI, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### AMENDED SUMMARY ORDER

Mei Hui Chen, a native and citizen of the People's Republic of China, petitions for review of the September 14, 2004 order of the BIA that affirmed the December 6, 2002 decision of Immigration Judge ("IJ") Miriam K. Mill denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hui Chen*, No. A 77–

353–737 (B.I.A. Sept. 14, 2004), *aff'g* No. A 77–353–737 (Immig. Ct. N.Y. City Dec. 6, 2002). We assume familiarity with the underlying facts and procedural history.

This Court generally reviews only a final order of the BIA, but where, as here, the BIA adopts an IJ's decision and supplements it, we review the decision of the IJ as supplemented by the BIA's order. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Credibility determinations are findings of fact, and this Court's review of adverse credibility determinations is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

■ In this case, the IJ denied Chen's claims on the ground that his testimony was not credible and further found that he had filed a frivolous application under 8 C.F.R. § 1280.20. The adverse credibility determination was based on the discrepancy between the reason for coming to the United States that Chen gave during his airport interview—to seek economic opportunity—and the reason that he subsequently stated in his application for asylum and withholding of removal—that he

feared family-planning persecution in China. At Chen's removal hearing, the IJ gave him the opportunity to explain this discrepancy. He first explained that he had not been asked during the airport interview why he had come to the United States, but soon after he stated that he "could not hear very well" during the interview because he "was also nervous." The IJ provided specific reasons for finding these explanations inadequate. She noted that the airport-interview questions should have prompted Chen to express any fear of persecution he might have been harboring. She also noted that, despite his claim not to have been able to hear, the interview transcript shows that he answered the interviewer's other questions appropriately.

■ In affirming the IJ's adverse credibility determination, the BIA concluded that the IJ appropriately relied upon the airport interview in assessing Chen's credibility because there was no evidence to indicate that the interview record failed to reflect Chen's statements accurately or that the interview was conducted under coercive or misleading circumstances. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004) (discussing the potential unreliability of the records of airport interviews and of statements made during them). Applying the factors identified in *Ramsameachire,* we conclude that the BIA reasonably determined that the airport interview was reliable. First, the transcript appears to present Chen's answers verbatim, rather than providing only a summary of his responses. *See id.* at 180. Second, the interviewer asked several questions concerning Chen's reason for leaving his home country and whether he feared returning; these questions were adequate "to elicit details of an asylum claim." *Id.* (internal quotation marks omitted). Third, there is nothing in the record to indicate

that Chen was reluctant to reveal a fear of persecution because of prior coercive interrogation experiences in his home country. *See id.* Finally, Chen's answers to the interviewer's questions are responsive, indicating that he understood the interpreter's translation. *Id.* Given Chen's implausible explanations for his inconsistent statements regarding a matter of central importance to his asylum claim, we conclude that the IJ's adverse credibility determination was supported by substantial evidence. *See Zhou Yi Ni v. Gonzales,* 424 F.3d 172, 174 (2d Cir.2005) (per curiam) (noting that a credibility determination should not be disturbed where it is based on specific examples of contradictory evidence that undermine the crux of the applicant's claim).

■ Because Chen offered only his own testimony in support of his claims, the IJ did not err in denying those claims after making an adverse credibility determination. *See Ramsameachire,* 357 F.3d at 178 ("Because the withholding of removal analysis overlaps factually with the asylum analysis, but necessarily involves a higher burden of proof, an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement for withholding of removal."); *see also Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (holding that denial of an asylum claim on the basis of an adverse credibility determination disposes of a claim for withholding of removal unless the latter rests exclusively on objective evidence of future persecution).

■ As to the IJ's frivolousness determination, in the recent case of *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006), we concluded that the BIA had not provided standards by which to adjudicate the appropriateness of frivolousness determinations, and we remanded to the BIA to develop such standards in the first instance. Here, we vacate the IJ's frivolousness determination and remand to the BIA for reconsideration in light of the standards it develops in response to *Yuanliang Liu.* In doing so, we express no opinion as to the merits of the determination itself.

Accordingly, we **DENY** the petition for review and **AFFIRM** the BIA's order as to the adverse credibility determination, **GRANT** the petition for review and **VACATE** the BIA's order as to the frivolousness determination, and **REMAND** for further proceedings consistent with this order. The pending motion for a stay of removal is **DENIED** as moot.