**YONG YU WANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–2925–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Joan Xie, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney, Middle District of Pennsylvania, Michael J. Butler, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yong Yu Wang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2006 order of the BIA affirming the January 4, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Yu Wang*, No. A97 129 802 (B.I.A. June 12, 2006), *aff'g* No. A97 129 802 (Immig. Ct. New York, N.Y. Jan. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 401–02 (2d Cir.2005).

The IJ determined that Wang's failure to attest to the December 2000 arrest during his airport interview, in his application, or even during his direct examination fatally undermined his credibility. Although Wang made assertions during his airport and credible fear interviews and later in his application that he and his wife had violated China's family planning policy, that his wife was forced to have an IUD inserted, and that they were almost arrested, he never once mentioned that the was personally persecuted by being arrested and beaten. This allegation of arrest is central to Wang's claim of persecution for violating the family planning policy in China, and thus supports the IJ's adverse credibility finding. *See Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir.2005) (per curiam).

Although the IJ did not discuss Wang's explanation for his omission, that explanation—that Wang merely "did not want to think about" his arrest and beating—was so insignificant that the IJ's failure to address it does not require remand. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005); *Cao He Lin*, 428 F.3d at 401–03.

Although the IJ failed to comply with the requirements of *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004), Wang voluntarily admitted the fact that he had never mentioned his arrest until the hearing. Moreover, he does not challenge the validity of the airport interview transcript. Our own review of the transcript shows it to be a reasonably reliable record of what Wang said. Therefore, the IJ's failure to examine the validity of the interview is inconsequential. *Cao He Lin*, 428 F.3d at 401–03.

Wang argues in his petition that the IJ failed to discuss certain documentary evidence in support of his claim, particularly medical evidence that his wife had an IUD inserted and missed routine checkups. While a failure on the part of the agency to consider important material evidence may require vacatur, *see, e.g., Tian–Yong Chen v. INS*, 359 F.3d 121, 128–29 (2d Cir.2004), the IJ in this case made an explicit adverse credibility determination that is supported on other grounds. *See Ni*, 424

F.3d at 174 (noting that where a credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, an adverse credibility determination should be upheld.).

In addition, substantial evidence supports the IJ's determination that Wang could have safely relocated within China. According to Wang, he and his wife moved to Jiang Xi Province where they worked and lived safely for two years. Wang also admits that his wife is currently living there and experiencing no problems. The ability to avoid harm through internal relocation, as Wang and his wife are able to do, defeats a claim that a fear of persecution is objectively well-founded. *See Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006).

Finally, because Wang does not argue his CAT claim in his brief to this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.