**QING FEI LIN, a/k/a Qin Hui Lin, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1112–AG.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Joan Xie, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ari Nazarov, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Fei Lin, a citizen of the People's Republic of China, seeks review of a February 27, 2007 order of the BIA, affirming the August 11, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qing Fei Lin,* No. A98 723 985 (B.I.A. Feb. 27, 2007) *aff'g* No. A98 723 985 (Immig. Ct. N.Y. City Aug. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA affirmed the IJ's adverse credibility determination and supplemented the IJ's decision to address Lin's eligibility for CAT relief. Thus, we review the IJ's decision as emphasized and supplemented by the BIA.

We review *de novo* questions of law and the application of law to undisputed fact. *See, Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

▇ We find that substantial evidence supports the agency's adverse credibility determination. The agency properly determined that there were material inconsistencies between, on the one hand, Lin's testimony that he was at work when his then girlfriend (and now wife) was forcibly taken to have an abortion, and, on the other hand, written statements provided by Lin and his wife which indicated that they agreed to the abortion so that Lin—who had been suspended from work due to the pregnancy—could resume employment. *See Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005). Because this discrepancy is, standing alone, significant enough to support the adverse credibility finding, we need not recount the other inconsistencies identified by the IJ. *Id.*

▇ Finally, Lin claims that the IJ erred by not making a finding regarding his eligibility for CAT relief. However, the BIA properly supplemented the IJ's decision in this regard, and Lin does not challenge the BIA's authority to do so. Petitioner has directed us to nothing contradicting the BIA's determination that he failed to show that he would be tortured in China. Additionally, the adverse credibility determination in this case precludes a finding of torture based on forced family planning. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dept. of Justice,* 434 F.3d 144, 156 (2d Cir.2006)("the IJ's adverse credibility findings rejecting petitioner's asylum claim apply equally to the IJ's denial of petitioner's application for withholding of removal").

For the foregoing reasons, the petition for review is DENIED.