QUAN JIN CHEN, also known as Quan Jin Cheng, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–1991–ag.

United States Court of Appeals, Second Circuit.

Feb. 4, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Quan Jin Chen, a native and citizen of the People's Republic of China, seeks review of an April 24, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

("CAT"). *In re Quan Jin Chen a.k.a. Quan Jin Cheng,* No. A 78 852 459 (B.I.A. April 24, 2007), *aff'g* No. A 78 852 459 (Immig. Ct. N.Y. City, July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). When the BIA agrees with the IJ's conclusion that a petitioner is not credible and emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Here, the BIA emphasized several of the IJ's findings with respect to his adverse credibility determination, but declined to adopt the IJ's implausibility finding concerning the significance of the fact that petitioner sent her children to China. Thus, we review both the BIA's and IJ's decisions, excluding the IJ's implausibility finding. *See Xue Hong Yang,* 426 F.3d at 522.

The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

As the IJ and BIA emphasized, there were multiple inconsistencies in petitioner's claim of past persecution. Most significantly, her asylum application presented a different explanation for petitioner's departure from China than she gave in her initial airport interview.[2] Whereas petitioner now claims that she left China in 2001 because she was forced to have an abortion in 1997, during her airport interview, Chen never mentioned the forced abortion. Instead, she reported that she came to the United States to attend school, because her father had gotten into a fight with someone at her local school. This discrepancy, which petitioner failed to adequately explain, undermines the "crux" of petitioner's asylum application. *See Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005). In addition, petitioner could not accurately state how old she was at the time of the abortion. Further, the IJ found that petitioner's demeanor suggested that she was not testifying from personal experience but rather was reciting a story that she had previously memorized. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006) (emphasizing that a fact-finder who assesses testimony together with a witness' demeanor is in the best position to discern whether a witness "who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or

---

**2.** The IJ reasonably relied on the record of Chen's airport interview because it appears to be a verbatim transcript of Chen's responses during that interview and reflects that she indicated her understanding of all of the questions posed to her through the interpreter; further, the interview seems to have been designed to elicit the details of any asylum claim, and there is no indication that petitioner did not have a full opportunity to express her actual beliefs and fears. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

struggling to remember the lines of a carefully crafted 'script' ").

We find that the above determinations provide a legitimate ground for the BIA and IJ to deny Chen's asylum application based on her alleged forced abortion. Accordingly, we need not review the agency's additional credibility findings. *See Zhou Yi Ni,* 424 F.3d at 174. Moreover, the adverse credibility determination as to the asylum claim necessarily precludes success on Chen's claims for withholding of removal and relief under the CAT to the extent that they were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

The BIA also properly found that Chen's testimony and documentary evidence did not support her claim of a well-founded fear of sterilization due to the birth of her two United States citizen children. The record in the instant case does not suggest that remand is warranted because Chen does not present evidence that the birth of her children in the United States violated the family planning policy in her area of residence, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution, and Chen does not request remand for consideration of evidence not in the record pertaining to the likelihood of her sterilization. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007); *see also Matter of J–W–S–,* 24 I. & N. Dec. 185, 191 (B.I.A.2007) (calling into question whether children born abroad are counted under China's family planning policy).

Lastly, because Chen failed to challenge before the BIA the IJ's frivolousness finding, we decline to review that issue on appeal. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir. 2007).

---

* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.