SUMMARY ORDER

Jean Jacques Yobodet, a native and citizen of the Central African Republic (“CAR”), seeks review of a May 6, 2008 order of the BIA affirming the October 23, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, which pretermitted his application for asylum, and denied his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Jean Jacques Vobodet, No. A79 578 638 (B.I.A. May 6, 2008), aff'g No. A79 578 638 (Immig. Ct. N.Y. City Oct. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the IJ’s adverse credibility finding is supported by substantial evidence. For example, the IJ reasonably relied on the inconsistency regarding whether, in 2001, Vobodet’s parents were detained and mistreated by the CAR government, as indicated on his asylum applications, or dead, as Vobodet testified. Vobodet’s explanation — that his asylum applications were written in poor English, and his initial asylum application was prepared without legal assistance, and in any event indicated that his parents were detained in 1996 — does not account for the fact that his statement was otherwise written in chronological order, with his parents’ alleged detention listed after *468 his own 2001 arrest and detention. Thus, a reasonable factfinder would not be compelled to accept Vobodet’s explanation, and the IJ therefore did not err in declining to do so. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005).
The agency was also entitled to rely on the omission of Vobodet’s 2001 arrest and detention from his asylum applications on the issue of credibility. See, e.g., Zhou Yi Ni v. U.S. Dep’t of Justice, 424 F.3d 172, 174 (2d Cir.2005).
Vobodet argues that it was error for the agency to rely on inconsistencies regarding which documents he used to leave the CAR and to which country he traveled immediately after departing the CAR because these discrepancies do not go to the heart of his asylum claim. Even if he is correct that these discrepancies are ancillary, however, it was not improper for the IJ to find that, taken cumulatively with the other discrepancies in the record, they also served to undermine Vobodet’s credibility. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). And having called Vobo-det’s testimony into question, it was not improper for the IJ to seek additional corroborating evidence. Vobodet’s failure to produce such evidence rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Vobodet does not challenge the many remaining grounds for the agency’s credibility determination, including its demean- or finding. Any such challenge is therefore deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 7 (2d Cir.2005). Ultimately, the agency’s adverse credibility determination was supported by substantial evidence. See Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Accordingly, the agency did not err in denying Vobodet’s application for withholding of removal. See Xiao Ji Chen, 471 F.3d at 341; Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006).
We also conclude that the agency did not err in holding that Vobodet failed to establish his eligibility for CAT relief. Aside from his own testimony, which the IJ found lacked credibility, Vobodet submitted only country conditions evidence demonstrating at most a generalized risk of torture to CAR inhabitants, which cannot alone satisfy his burden of demonstrating that he is more likely than not to be tortured if removed to that country. See Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir.2007); Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003). Therefore, the agency properly denied Vobodet’s application for CAT relief.
For the foregoing reasons, the petition for review is DENIED. Having complet-' ed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.