JIANDI YE, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 05-0826-ag(NAC).

United States Court of Appeals, Second Circuit.

June 30, 2006.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Petitioner.

Terri Hearn Bailey, Assistant United States Attorney (Reginald I. Lloyd, United States Attorney, on the brief), United States Attorney's Office for the District of South Carolina, Columbia, SC, for Respondent.

PRESENT: JAMES L. OAKES, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Jiandi Ye petitions for review of a February 2, 2005 order of the BIA affirming an October 8, 2003 order of Immigration Judge ("IJ") Paul DeFonzo denying Ye's applications for asylum, withholding of re-

moval, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, the procedural history and the issues on appeal.

Where, as here, the BIA summarily adopts or affirms the IJ's decision without opinion, we review the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review questions of law *de novo, see Khouzam v. Ashcroft,* 361 F.3d 161, 164 (2d Cir.2004), and factual findings, including adverse credibility determinations, under a substantial evidence standard, *see, e.g., Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); see also 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Our review for substantial evidence involves "look[ing] to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (quoting *Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)). That review is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005); *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005); *Jin Hui Gao,* 400 F.3d at 964, and "is designed to ensure merely that 'credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.'" *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 157 (2d Cir.2006) (quoting *Zhou Yun Zhang,* 386 F.3d at 74).

In her brief on appeal to this Court, Ye failed to dispute the denial of her application for CAT relief. We therefore deem any claim of error with respect to that application abandoned, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005), and deny the petition for review to the extent it relates to that application.

Ye did, however, raise arguments concerning the IJ's denial of her applications for asylum and withholding of removal, and, accordingly, we consider the merits of those arguments.

IJ DeFonzo denied Ye's applications for asylum and withholding of removal on the basis of an adverse credibility finding made against Ye. In support of that finding, the IJ pointed to the following evidence in the record: (1) Ye's testimony that Chinese authorities repeatedly returned to her home looking for her after she had left for the United States, notwithstanding the fact that there was no mention of any such searches in Ye's written asylum application; (2) Ye's expression of interest in receiving an abortion when she was in the custody of U.S. authorities, notwithstanding the alleged fact that she testified that she had no reason to believe that there were any complications with her pregnancy at the time; and (3) the lack of documentary evidence to corroborate certain elements of her claims, notwithstanding the fact that she presumably could have obtained affidavits from family and friends in China who would have been able to confirm the veracity of those elements of Ye's story. The IJ also noted certain inconsistencies and omissions reflected in the records of Ye's medical treatment while in the custody of U.S. authorities. Specifically, the IJ commented that the records (1) do not contain any statement that Ye was *forced* to take "abortion pills" in China;[1] (2) indicate that she had al-

1. Indeed, in requests to see a doctor, Ye explained that she "took pills to get my period back."

ready had two abortions (she testified that she had never had one); and (3) show that she had taken three abortion pills (she testified that she took two). The IJ did not, however, "consider the inconsistencies contained in the medical records to necessarily be indicative of a lack of credibility" because Ye was "nervous, afraid and bleeding" while in custody and because "[t]here is some indication in the medical records that the interpreter dealing with the respondent, periodically, while in detention may not have been entirely familiar with respondent's dialect of Chinese."

In its brief order, the BIA "adopt[ed] and affirm[ed] the decision of the IJ." The BIA determined that the IJ "identified a series of reasons to be suspicious of the respondent's account of her problems in China." In particular, the BIA mentioned the absence of any reference in Ye's written asylum application of the continued visits of authorities to her home in China, as well as inconsistencies reflected in the medical records concerning the number of pills that Ye was forced to take in China and the number of abortions she had previously undergone. The BIA noted that "[n]o single concern would lead us to conclude that the respondent's story is untrue," but explained that "the material omission and inconsistencies, coupled with the lack of reliable corroborating evidence, such as affidavits from the respondent's husband, parents and her friend who helped her hide ... lead us to agree that the respondent has not met her burden of proving eligibility for relief."

We find that substantial evidence supports the adverse credibility determination of the IJ as affirmed by the BIA. Specifically, Ye's failure to include in her written asylum application any mention of the repeated efforts of the Chinese authorities to find her after she had left for the United States and the absence of reasonably available corroborative evidence in the form of affidavits constitute substantial evidence. Nevertheless, we remand because of errors in the reasoning of the IJ and the BIA. The IJ misstated the evidence in the record, *see Xiao Ji Chen*, 434 F.3d at 157, when he claimed that "[t]he respondent indicated in response to questioning from the Court that at the time she was in detention in the United States that she had no reason to believe that her pregnancy or fetus was in any way unhealthy or malformed." In fact, Ye claimed that she did not know if the baby was healthy because she was suffering vaginal bleeding. The BIA erred in relying on inconsistencies reflected in the medical records in light of the IJ's determination, which was not rejected by the BIA, that the information in those records was not "necessarily ... indicative of a lack of credibility" due to the conditions in which the information was obtained.

For the foregoing reasons, the petition for review is DENIED in part with respect to Ye's application for relief under the CAT, GRANTED in part with respect to Ye's applications for asylum and withholding of removal. The decision of the BIA is VACATED in part with respect to Ye's applications for asylum and withholding of removal, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).