**YI HUANG LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 04–0353–ag.

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

David X. Feng, New York, NY, for Petitioner.

Shannon L. Olson, Assistant United States Attorney for Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Des Moines, IA, for Respondent.

Present: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yi Huang Liu, a citizen of China, petitions for review of a December 17, 2003 BIA decision affirming the July 17, 2002 decision of immigration judge ("IJ") John Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Huang Liu,* No. A 78 746 218 (B.I.A. Dec. 17, 2003), *aff'g* No. A 78 746 218 (Immig. Ct. N.Y. City July 17, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily adopts or affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution … a re-

viewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yi Ni v. U.S. Dept. of Justice,* 424 F.3d 172, 174 (2d Cir.2005) (quoting *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)).

Here, the IJ discredited petitioner's account of past persecution based on his demeanor and several internal inconsistencies between petitioner's testimony and his written asylum application. Petitioner testified that he first began practicing Falun Gong on May 23, 1999, but a purported "Course Complete Certificate" that petitioner submitted with his written application indicated that he had already completed an advanced class in Falun Gong several days earlier. The legitimacy of this certificate is called into further question by the fact that petitioner was unable to define basic Falun Gong terms, such as "Falun." Taken together, these inconsistencies support the IJ's adverse credibility determination. A reasonable adjudicator would not be compelled by this record to find petitioner credible, and we decline to overturn the agency's finding concerning eligibility for asylum.

Furthermore, the IJ correctly denied Liu's claim for withholding of removal. The only evidence of a threat to Liu's life or freedom depended on his testimony concerning his Falun Gong practice; accordingly, the IJ's adverse credibility finding precluded the grant of withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). For the same reason, the IJ's separate determination concerning petitioner's eligibility for relief under the CAT is supported by substantial evidence as well. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a

stay of removal in this petition is DE-NIED as moot.