Zheng v. Holder

BIA
Hom, IJ
A097 484 986

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fourteen.

PRESENT:
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                  *Circuit Judges.*

_____

JINYING ZHENG, AKA JIN YING ZHENG,
        *Petitioner*,

        v.                                    13-1993

                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Jan Potemkin, Law Office of Jan Potemkin, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinying Zheng, a native and citizen of China, seeks review of an April 23, 2013, decision of the BIA affirming a July 27, 2011, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jinying Zheng*, No. A097 484 986 (B.I.A. April 23, 2013), *aff'g* No. A097 484 986 (Immig. Ct. N.Y. City July 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zheng applied for asylum in 2003, and so the REAL ID Act does not apply in this case. REAL ID Act of 2005, Div.

B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). A pre-REAL ID Act adverse credibility determination must be based on "specific, cogent" reasons that bear a "legitimate nexus" to the finding. *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), superseded by the REAL ID Act as recognized in *Xiu Kia Lin v. Mukasey*, 534 F3d 162, 163 (2d Cir. 2008). Although our review of an IJ's denial of asylum and withholding of removal on credibility grounds is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir. 2005), "an IJ's credibility determination will not satisfy the substantial evidence standard when it is based entirely on flawed reasoning, bald speculation, or conjecture," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (citing *Secaida-Rosales*, 331 F.3d at 307, 312).

Here, the adverse credibility determination is supported by substantial evidence. An asylum applicant is "not required to list every incident of persecution" in his application. *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). But Zheng omitted a major one: interrogations and

3

beatings at the hands of family planning officials.  He described his detention in his asylum application, but said nothing about physical abuse.  At his first merits hearing, the government attorney asked a series of questions about Zheng's detention: the room where he was held (including the color of the walls – white); the furniture (a bed); whether he was handcuffed (no); and whether he was fed (a "regular meal" of rice and a vegetable).  Again, Zheng said nothing about physical abuse.  It was only when Zheng appeared before the IJ for a third time that he claimed to have been interrogated and beaten for resisting China's family planning policy.  Zheng's omission of the interrogations and beatings bore a  "legitimate nexus" to his claim of persecution based on those events.  *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).  Indeed, they are one and the same.

Zheng's challenge to the adverse credibility determination is as follows.  Pre-REAL ID case law precluded an adverse credibility finding based on details "collateral or ancillary" to a claim.  *Secaida-Rosales*, 331 F.3d at 308.  Prior to *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), Zheng was *per se* eligible for asylum based on his wife's forced abortion and sterilization.  The

interrogations and beatings were collateral and ancillary to that claim.  So, argues Zheng, the agency should have credited his explanation: that his attorney advised him not to describe these painful episodes.

In *Shi Liang Lin*, we held that the BIA erred in interpreting the Immigration and Nationality Act ("INA") to give *per se* asylum eligibility to the spouses of those who had been forcibly aborted or sterilized.  494 F.3d at 309-10.  But persecution based on resistance to a coercive population control program has been a basis for asylum relief since the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") was enacted in 1996.  8 U.S.C. § 1101(a)(42)(B).  Our decision in *Shi Liang Lin* did not alter that.  As a consequence, at his first merits hearing, Zheng's mistreatment by family planning cadres was not "collateral or ancillary" to his claim, and the agency was not compelled to credit Zheng's (and his attorney's) explanation that those episodes were "secondary" concerns.

Zheng did not assert a well-founded fear of future persecution under the family planning program.  8 C.F.R. § 1208.13(b).  So, Zheng failed to meet his burden of proof for asylum, and he necessarily failed to meet the higher burden required to succeed on claims for withholding of

5

removal or CAT relief insofar as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We need not consider Zheng's challenge to the agency's alternative basis for denying relief on family planning grounds.

Zheng does not challenge the agency's denial of his illegal departure claim.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6