*Zheng v. Lynch*

BIA
Van Wyke, IJ
A070 580 335

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

------------------------------------------------

JIN HUA ZHENG,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

12-1134
NAC

------------------------------------------------

FOR PETITIONER: Raymond Lo, Jersey City, N.J.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F.

Sarko, Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Hua Zheng, a native and citizen of China, seeks review of a February 29, 2012, decision of the BIA affirming a February 24, 2010, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Hua Zheng,* No. A070 580 335 (B.I.A. Feb. 29, 2012), *aff'g* No. A070 580 335 (Immig. Ct. N.Y. City Feb. 24, 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by statute with respect to REAL ID Act cases as stated in Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008).

Because Zheng first applied for asylum in 1993, the REAL ID Act does not govern review of the adverse credibility determination in this case. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006). In pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *Secaida-Rosales*, 331 F.3d at 307 (internal quotation marks omitted). Although our review of an IJ's credibility-based denial of relief is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir. 2005) (per curiam), "an IJ's credibility determination will not satisfy the substantial evidence standard when it is based entirely on flawed reasoning, bald speculation, or conjecture," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d

3

Cir. 2006) (citing *Secaida-Rosales*, 331 F.3d at 307, 312).

Here, substantial evidence supports the adverse credibility determination. As the agency observed, Zheng's original application and amended applications are inconsistent with respect to the sole incident of past harm. The original application stated that his neighbor convinced him not to confront or fight the family planning officials, but his amended application stated that he did have an altercation in which the officials beat him. And while his original application stated that his wife became pregnant in June 1992, his amended application said she became pregnant over a year earlier, in February 1991. The record clearly supports these inconsistencies, and the inconsistency regarding Zheng's interaction with family planning officials calls into question whether the officials ever harmed him—the sole incident of alleged persecution. Accordingly, these inconsistencies provide substantial evidence for the adverse credibility determination because they go to the heart of Zheng's claim. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) (per curiam); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 77-78 (2d Cir. 2004); *Secaida-Rosales*, 331 F.3d at 307-08. Moreover, the

4

timing of Zheng's amended application, which followed a change in the law requiring that applicants *personally* suffer harm to be eligible for relief, calls into question the expansion of his past harm in his amended application.

Zheng argues that the agency should not have rejected his explanation that the original application was inaccurate because a travel agency prepared it without his input. But the agency was not required to credit this explanation, especially since the original application included details personal to Zheng, making his explanation that it was prepared without his input implausible. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an explanation unless a reasonable factfinder would be compelled to do so).

In sum, substantial evidence supports the agency's adverse credibility determination. *See Secaida-Roasales*, 331 F.3d at 307-08. As all of Zheng's claims share the same factual predicate, the adverse credibility determination is dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006). As a result, we need not reach the agency's alternative rulings or the Government's waiver arguments.

5

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6