Singh v. Garland

BIA
A209 152 052

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand twenty-four.

PRESENT:
 DENNY CHIN,
 RICHARD J. SULLIVAN,
 STEVEN J. MENASHI,
  *Circuit Judges.*
_____

VARINDER SINGH,
  *Petitioner*,

 v.                                                  21-6445

                                                     NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

**FOR PETITIONER:** Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Varinder Singh, a native and citizen of India, seeks review of an August 3, 2021 decision of the BIA denying his motion to reopen his removal proceedings. *In re Varinder Singh,* No. A 209 152 052 (B.I.A. Aug. 3, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the denial of reopening.[1] *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determinations for substantial evidence.

---

[1] Accordingly, to the extent Singh challenges the underlying removal order by directly challenging the immigration judge's findings supporting an adverse credibility determination, we do not reach those arguments.

2

*See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Generally, "[a]n alien may file one motion to reopen proceedings," 8 U.S.C. § 1229a(c)(7)(A), that "shall be filed within 90 days of the date of entry of a final administrative order of removal," *id.* § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). Singh's September 2020 motion to reopen was untimely because he filed it more than 15 months after his June 2019 order of removal. This time limit may be tolled based on ineffective assistance of counsel, *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008), and it does not apply to motions filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R.

3

§ 1003.2(c)(3)(ii).  The agency did not abuse its discretion in finding that neither exception applied here.

**I.      Ineffective Assistance of Counsel**

To obtain reopening based on ineffective assistance of counsel, a movant must show that counsel's actions were unreasonable and caused prejudice, which requires a "*prima facie* showing that, but for counsel's ineffectiveness, [the movant] would have been eligible for asylum relief and could have made a strong showing in support of his application."  *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (alterations and internal quotation marks omitted); *see Paucar v. Garland*, 84 F.4th 71, 81 (2d Cir. 2023) (explaining that the prejudice standard requires a showing that it is "reasonably probable" that the outcome would have been different absent counsel's deficient conduct).[2]

---

[2] Singh does not argue that the BIA applied an improperly elevated prejudice standard, so that issue is forfeited. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued in briefs are considered abandoned and normally will not be addressed on appeal).  Under the circumstances, even if Singh had preserved that issue and we found that the BIA erroneously required a showing that the outcome would *likely* have been different, remand for reconsideration would be futile.  *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that we will affirm notwithstanding an error if the same result is "inevitable on remand").

An immigration judge ("IJ") denied Singh's original application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds; the BIA affirmed; and Singh did not timely petition for review. He now argues that the IJ found him not credible based on omissions and inconsistencies attributable to counsel's errors, and that these issues, along with errors in the adverse credibility determination, would have been grounds for reversal if they had been properly raised before the BIA on appeal; Singh therefore argues that reopening was warranted.[3] We disagree, and find no basis for concluding that the BIA abused its discretion.

In rendering the adverse credibility determination, the IJ identified a litany of discrepancies and instances of nonresponsive testimony, including, among others, Singh's omission of one of the weapons used to beat him, his omission of his treatment for two days at a hospital after that attack, and his omission of his attempt to gain assistance from the police. The IJ acknowledged that some of the

---

[3] Singh makes a cursory reference to counsel's failure to timely inform him of the BIA's decision dismissing his appeal. However, he does not argue that the lost opportunity to petition for review alone was prejudicial, so that argument is forfeited. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

inconsistencies or omissions were minor but found that together they demonstrated a lack of credibility.

Singh now blames his counsel for these inconsistencies and omissions, arguing that his counsel should have advised him to amend his application to include certain information. But Singh was provided with an opportunity to update his written statement in advance of his hearing and still failed to include the omitted information. Moreover, even if Singh had included the missing information, the IJ would still have been free to inquire into the resulting discrepancies in his statements. *See, e.g.*, *Jin Hua Zheng v. Lynch*, 626 F. App'x 312, 313–14 (2d Cir. 2015). Singh has given us no reason to think that he would have been able to explain such discrepancies any more than he was able to explain the omissions before the IJ. Finally, even if we were to assume that certain errors in his application regarding his languages and his father's death originated with counsel, Singh affirmed that he had reviewed the application in a language he understood and that it was accurate; and the BIA affirmed the adverse credibility determination without relying on the discrepancy regarding his father. Singh

6

therefore has not shown that he was prejudiced by his counsel's actions. *See Paucar*, 84 F.4th at 81; *Scarlett*, 957 F.3d at 326.

Singh's testimony also contained significant internal inconsistencies not attributable to counsel. For example, on direct examination, he described his medical treatment following a beating as consisting of pills and ointment for pain, abrasions, and swelling. He repeated that description on cross-examination, but when questioned by the IJ, he added that the doctor straightened his broken wrist and gave him a sling. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."). Singh did not explain why he initially omitted that information. And even setting aside the inconsistencies, omissions, and inadequate explanations, there were other significant problems with Singh's demeanor and responsiveness that undermined his claim: for example, it took his attorney eight questions about how Singh's father died to elicit a responsive answer.

Singh further argues that the BIA would have ruled differently on appeal if counsel had raised available challenges to the IJ's reasoning. But the standard of

review on direct appeal is deferential, with the BIA reviewing the IJ's adverse credibility determination only for clear error. 8 C.F.R. § 1003.1(d)(3)(i). Many arguments Singh contends should have been raised were, in fact, raised on direct appeal. And given the multiple grounds for the IJ's adverse credibility determination, we are not persuaded that the remaining arguments Singh now presses would have succeeded. Accordingly, we find no error in the BIA's conclusion that Singh failed to establish the requisite prejudice for equitable tolling based on ineffective assistance.

**II.     Changed Country Conditions**

"When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). In addition to showing a material change in country conditions, the movant must establish prima facie eligibility for asylum, i.e., he has "the 'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao*, 546 F.3d at 168 (quoting *INS v.*

8

*Abudu*, 485 U.S. 94, 110 (1988)). "[T]o prevail on a motion to reopen alleging changed country conditions where the . . . claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur*, 413 F.3d at 234 ("[E]vidence submitted by petitioner in support of [his] motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

Singh's initial asylum claim was that members of opposing political parties assaulted him and murdered his father because they supported the Shiromani Akali Dal Amritsar ("Mann") Party. He sought reopening in part based on an alleged continuation or escalation of that abuse: he alleged that his mother had been detained and questioned about him and her connections to the Mann Party after attending an event commemorating his father's death. The BIA reasonably concluded that this was an extension of his prior discredited claim, such that he would have to overcome the adverse credibility determination to obtain

reopening. *Matter of F-S-N-*, 28 I. & N. Dec. at 3. It also reasonably concluded that he failed to satisfy this burden. His additional corroboration was from sources close to him who were unavailable for cross-examination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007) (deferring to agency's decision to rely on prior adverse credibility determination in evaluating authenticity of document submitted in support of reopening); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence" and "may also influence the [agency's] assessment of the credibility of the corroborative evidence itself").

Singh also sought reopening to pursue a claim premised on his political activities in the United States supporting Indian farmers, his membership in a particular social group of Indian farmers, and escalating abuses of political dissidents and farmers in India. To prevail on such a claim absent past persecution, he had to demonstrate a "well-founded fear of future persecution," either by showing a "reasonable possibility" that he would be "singled out individually for persecution" or that India has a "pattern or practice" of

10

persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b); *see also In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (to establish a pattern or practice of persecution, an applicant must show persecution that is "systemic or pervasive"). Because Singh's new claim was based on activities in the United States, he also had to "make some showing that authorities in his country of nationality are either aware of his activities [in the United States] or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Singh did not make a prima facie case for asylum on this basis. He did not allege that the Indian government was aware of his political activities, or that he would continue those activities if he returned to India. Instead, his argument appears to be that the government would learn of his activities in the United States and persecute (or torture) him because there is a pattern or practice of persecuting activists supporting farmers' rights. The country conditions evidence reflects large protests by farmers in India, and that the police have responded to some protests with violence and arrests. But particularly given the large number of protestors, the BIA reasonably concluded that Singh's alleged fear of persecution on this basis is speculative. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In

11

the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

Because Singh's proposed withholding of removal and CAT claims were premised on the same facts, he similarly failed to make a prima facie case for those forms of relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (explaining that an applicant who fails to demonstrate the risk of persecution required for asylum "necessarily" fails to satisfy the higher standards for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court